# CASE ANNOUNCEMENTS

*April 29, 2010*

[Cite as *04/29/2010 Case Announcements,* 2010-Ohio-1843.]

## DISCIPLINARY CASES

**2008–1729. Disciplinary Counsel v. Davis.**
On February 12, 2009, this court suspended respondent, Sherry Darlene Davis, for a period of two years and stayed the second year of the suspension on conditions. On January 13, 2010, relator, Disciplinary Counsel, filed a motion for an order to appear and show cause. On March 23, 2010, respondent was ordered to appear before the court. Respondent failed to appear. Upon consideration thereof,

It is ordered and adjudged by the court that respondent, Sherry Darlene Davis, Attorney Registration No. 0068036, last known address in Waverly, Ohio, is hereby found in contempt. It is further ordered that the previously imposed one-year stay is revoked and that respondent shall serve the entire two-year suspension. It is further ordered that all other terms of the February 12, 2009 order shall remain in effect.

It is further ordered that before entering into an employment, contractual, or consulting relationship with any attorney or law firm, respondent shall verify that the attorney or law firm has complied with the registration requirements of Gov.Bar R. V(8)(G)(3). If employed pursuant to Gov.Bar R. V(8)(G), respondent shall refrain from direct client contact except as provided in Gov.Bar R. V(8)(G)(1) and from receiving, disbursing, or otherwise handling any client trust funds or property.

It is further ordered, sua sponte, by the court that within 90 days of the date of this order, respondent shall reimburse any amounts that have been awarded against respondent by the Clients' Security Fund pursuant to Gov.Bar R. VIII(7)(F). It is further ordered, sua sponte, by the court that if, after the date of this order, the Clients' Security Fund awards any amount against respondent pursuant to Gov.Bar R. VIII(7)(F), respondent shall reimburse that amount to the Clients' Security Fund within 90 days of the notice of such award.

It is further ordered that pursuant to Gov.Bar R. X(3)(G), respondent shall complete one credit hour of continuing legal education for each month or portion of a month of the suspension. As part of

the total credit hours of continuing legal education required by Gov.Bar R. X(3)(G), respondent shall complete one credit hour of instruction related to professional conduct required by Gov.Bar R. X(3)(A)(1) for each six months or portion of six months of the suspension.

It is further ordered that respondent will not be reinstated to the practice of law in Ohio until (1) respondent complies with the requirements for reinstatement set forth in the Supreme Court Rules for the Government of the Bar of Ohio; (2) respondent complies with the Supreme Court Rules for the Government of the Bar of Ohio; (3) respondent complies with this and all other orders of the court; and (4) this court orders respondent reinstated.

It is further ordered that respondent shall keep the Clerk and the Disciplinary Counsel advised of any change of address where respondent may receive communications.

It is further ordered, sua sponte, that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings. All case documents are subject to Rules 44 through 47 of the Rules of Superintendence for the Courts of Ohio, which govern access to court records.

It is further ordered, sua sponte, that service shall be deemed made on respondent by sending this order and all other orders in this case to respondent's last known address.

It is further ordered that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

PFEIFER, Acting C.J.

The late Chief Justice Thomas J. MOYER did not participate in the ruling in this case.